UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
CHELSEA TORRES,

                Plaintiff,

      - against -

HELEN O'BRIEN-BRIGGS
and ENTERPRISE RENT A CAR CO.,

                Defendants.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
20-CV-5360 (PKC) (RLM)

PAMELA K. CHEN, United States District Judge:

On November 4, 2020, Defendant Helen O'Brien-Briggs filed a Notice of Removal (the "Notice") removing this action from the Supreme Court of the State of New York, Bronx County, to this Court. (Notice of Removal ("Notice"), Dkt. 1, at ECF[1] 1–2.) For the reasons set forth below, this case is *sua sponte* remanded to the state court.

## BACKGROUND

Plaintiff Chelsea Torres alleges that she was injured on January 5, 2020 when she was struck by a motor vehicle owned by Defendant Enterprise Rent A Car Co. ("Enterprise") and operated by Defendants O'Brien-Briggs with Enterprise's permission. (*See generally* Complaint ("Compl."), Dkt. 1, at ECF 4–8.) Plaintiff's complaint demands judgment against Defendants "in a sum that exceeds the jurisdictional limits of all lower courts, together with the interest[,] costs[,] and disbursements of this action" (*id.* at ECF 8), but does not specify any damages amount.

In removing this matter, Defendants invoke diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the basis for federal subject matter jurisdiction. (Notice, Dkt. 1, at ECF 1.) The Notice

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

1

states that this "action is between citizens of different states" but does not establish the parties' citizenship (*id.*), although the Complaint alleges that Plaintiff was a resident of New York, Defendant O'Brien-Briggs was a resident of California, and Defendant Enterprise was incorporated in Maryland[2] (Compl., Dkt. 1, at ECF 4). With respect to the amount in controversy, the Notice states that "the amount in controversy between the parties exceeds $75,000, exclusive of interest and costs." (Notice, Dkt. 1, at ECF 1.) Thus far, Plaintiff has not filed a motion for remand.

## DISCUSSION

The Court first must address whether it may remand this case to the state court *sua sponte*, absent a motion from Plaintiff. The relevant statute states in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under [S]ection 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

---

[2] Although, as discussed *infra*, the Court remands this case for other reasons, the Court notes that the Complaint's conclusory allegations regarding Plaintiff's and Defendant O'Brien-Briggs's states of residence and Defendant Enterprise's state of incorporation are insufficient to establish their citizenship or the complete diversity of the parties. For purposes of determining citizenship for diversity jurisdiction, an individual such as Plaintiff or Defendant O'Brien-Briggs is considered a citizen of her state of domicile, *i.e.*, "the place where [she] has [her] true fixed home and principal establishment, and to which, whenever [she] is absent, [she] has the intention of returning." *Palazzo v. Corio*, 232 F. 3d 38, 42 (2d Cir. 2000) (quoting *Linardos v. Fortuna*, 157 F. 3d 945, 948 (2d Cir. 1998)). "Domicile is not synonymous with residence; a party can reside in one place and be domiciled in another." *Kennedy v. Trustees of Testamentary Trust of Will of Kennedy*, 633 F. Supp. 2d 77, 81 (S.D.N.Y. 2009) (citing *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 47–49 (1989)). A corporation such as Enterprise is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

Thus, without any allegations regarding the states in which Plaintiff and Defendant O'Brien-Briggs are domiciled and the state in which Enterprise has its principal place of business, there is no basis for finding complete diversity of the parties to permit removal to federal court.

2

28 U.S.C. § 1447(c). The Second Circuit has construed this statute as authorizing a district court, at any time, to remand a case *sua sponte* upon a finding that it lacks subject matter jurisdiction. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133−34 (2d Cir. 2006) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).

As an initial matter, the removal statute requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." *Cheung v. Bristol-Myers Squibb Co.*, 282 F. Supp. 3d 638, 641 (S.D.N.Y. 2017) (quoting 28 U.S.C. § 1446(b)(2)(A)), *aff'd sub nom. Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699 (2d Cir. 2019). Defendants Enterprise and O'Brien-Briggs were both included in the summons that O'Brien-Briggs attached to her Notice. (Summons, Dkt. 1, at ECF 3.) Assuming Enterprise was properly served, O'Brien-Briggs may not unilaterally remove this action without Enterprise's consent. *See Nguyen v. Am. Express Co.*, 282 F. Supp. 3d 677, 682 (S.D.N.Y. 2017) ("A cardinal rule is that all defendants must join in the notice of removal." (alterations omitted) (quoting Wright & Miller, 14B Fed. Prac. & Proc. Juris. 3d § 3723)).

Furthermore, here, as in all cases removed to the federal courts, the removing party has the burden of establishing that the amount in controversy exceeds the $75,000 jurisdictional threshold mandated by 28 U.S.C. § 1332(a). *See Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273−74 (2d Cir. 1994).

> "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court."

*Id.* (citation omitted). The Second Circuit has cautioned district courts to "construe the removal statute narrowly, resolving any doubts against removability." *In re Fosamax Prods. Liab. Litig.*,

No. 06-MD-1789 (JFK), 2013 WL 603187, at *2 (S.D.N.Y. Feb. 14, 2013) (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045−46 (2d Cir. 1991)).

O'Brien-Briggs fails to meet her burden to show that the jurisdictional amount required for diversity jurisdiction has been satisfied, as she asserts only that "the amount in controversy between the parties exceeds $75,000, exclusive of interest and costs" without providing any factual allegations to support this conclusion. (*See* Notice, Dkt. 1, at ECF 1.)  Here, "Defendant [O'Brien-Briggs] cannot meet [her] burden by relying on inferences drawn from [Plaintiff's complaint], because the Complaint does not allege a damages amount." *Herrera v. Terner*, No. 16-CV-4610 (DLI) (JO), 2016 WL 4536871, at *2 (E.D.N.Y. Aug. 30, 2016).  Plaintiff alleges only that she was damaged "in a sum that exceeds the jurisdictional limitations of all lower courts." (Compl., Dkt. 1, at ECF 8.)  This mention of the "lower courts" refers to the limitation that the lower civil courts of New York may not entertain actions seeking to recover more than $25,000. *See Woodley v. Mass. Mut.*, No. 08-CV-949 (NRB), 2008 WL 2191767, at *2 (S.D.N.Y. May 23, 2008) (remanding case for failure to satisfy jurisdictional amount where defendants relied solely on *ad damnum* clause in complaint stating that plaintiff was seeking damages in excess of the "maximum monetary jurisdiction of all lower Courts" (internal citation omitted)); *see id.* at *2 n.3 (collecting cases).

Finally, neither the Complaint nor the Notice contains any further information specifying the nature and extent of Plaintiff's injuries that would permit this Court to draw a reasonable inference that the amount-in-controversy requirement has been satisfied.  Plaintiff alleges that she

> was caused to sustain serious, severe and painful personal injuries, some of which are permanent and lasting in their nature; was caused to be rendered sick, sore, lame and disabled; was caused to suffer great pain and anguish and may in the future continue to so suffer; was caused to seek medical care, attention and treatment in an effort to cure herself of her said injuries; was caused to be incapacitated from

>her usual duties and activities and/or employment and may in the future continue to be so incapacitated[,]
>
>. . . sustain[ed] an injury within the purview of § 5102 of the [New York] Insurance Law in that [she] sustained a serious injury and/or a fracture and/or a serious disfigurement and/or was caused to be substantially incapacitated from most of her usual and customary activities for 90 out of the first 180 days following said occurrence; and/or was caused to sustain permanent loss of a body organ or function or system; and/or permanent consequential limitation of the use of a body organ or member and/or a significant limitation of the use of a body function or system.

(Compl., Dkt. 1, at ECF 7–8.) These largely boilerplate allegations are insufficient for the Court to draw any conclusion about the amount in controversy in this case. *See Valente v. Garrison From Harrison LLC*, No. 15-CV-6522 (DLI) (MDG), 2016 WL 126375, at *2 (E.D.N.Y. Jan. 11, 2016) (remanding case because "the [c]omplaint's boilerplate allegations that [the p]laintiff 'sustained severe personal injuries, was rendered sick, sore, lame and disabled, required medical attention, suffered pain, will continue to suffer and will require medical attention in the future' . . . do not suffice to establish that this action involves an amount in controversy adequate to support federal diversity jurisdiction"); *Herrera*, 2016 WL 4536871, at *2 (remanding case because "boilerplate" allegations based on Article 51 of New York Insurance Law "do not suffice to establish that this action involves an amount in controversy adequate to support federal diversity jurisdiction").

Accordingly, the Court finds that O'Brien-Briggs's allegations in her Notice are insufficient to support the exercise of federal subject matter jurisdiction.[3] Remand to the state court is therefore proper. *See, e.g.*, *Woodley*, 2008 WL 2191767, at *2.

---

[3] The Court notes that Defendants are "not without recourse to determine the amount of damages Plaintiff seeks." *Herrera*, 2016 WL 4536871, at *2. "[T]he removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010). "Rather than prematurely removing the action to this Court, Defendant[s] should have availed [themselves] of [N.Y. C.P.L.R. § 3017(c)], pursuant to which the state court, on motion, is to order

5

## CONCLUSION

For the foregoing reasons, this case is remanded to New York State Supreme Court, Bronx County, under Index No. 25977/2020, for lack of federal subject matter jurisdiction.[4]

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: November 30, 2020
      Brooklyn, New York

---

Plaintiff to respond to a demand for total damages." *Herrera*, 2016 WL 4536871, at *2.; *cf. Noguera v. Bedard*, No. 11-CV-4893 (RRM) (ALC), 2011 WL 5117598, at *2 (E.D.N.Y. Oct. 26, 2011) ("Defendants' remedy is not to presume, by plaintiff's silence, that the amount in controversy, if admitted, would confer federal subject matter jurisdiction, and thus remove the action.").

[4] Although not necessary to the Court's decision, it bears note that O'Brien-Briggs has sought to remove this case, which was filed in state court in the Bronx, to this district, instead of to the Southern District of New York.  Indeed, even if O'Brien-Briggs is able to cure the deficiencies in the current removal Notice, which would have to be joined by co-Defendant Enterprise, it is doubtful that removal to *this* district is proper.  *See* 28 U.S.C. § 1441 ("Except as otherwise provided by [] Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States *for the district and division embracing the place where such action is pending*." (emphasis added)).